**Mark E. DORSEY, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 02–55118.

D.C. No. CV–00–09855–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2004.

Decided March 18, 2004.

Tina Long Rippy, Whittier, CA, Cara DeVito, Esq., West Hills, CA, Mark E. Dorsey, Lancaster, CA, for Petitioner–Appellant.

Analee J. Brodie, Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before B. FLETCHER, PREGERSON, and BRUNETTI, Circuit Judges.

MEMORANDUM *

Mark Edward Dorsey appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. Dorsey argues that the state trial court violated his right to due process by erroneously instructing the jury on the elements of kidnapping for robbery. Specifically, Dorsey contends that the trial court's instructions improper-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ly commanded the jury to consider movement of Dorsey's two victims that was "incidental" to the underlying robbery crime. *People v. Rayford*, 9 Cal.4th 1, 36 Cal.Rptr.2d 317, 884 P.2d 1369, 1374 (1994) ("Kidnapping for robbery ... requires movement of the victim that is not merely incidental to the commission of the robbery, and which substantially increases the risk of harm over and above that necessarily present in the crime of robbery itself."); *see also People v. Daniels*, 71 Cal.2d 1119, 80 Cal.Rptr. 897, 459 P.2d 225, 238 (1969) (same). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We are convinced that any instructional error committed by the trial court did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946)); *see also Neder v. United States*, 527 U.S. 1, 8–12, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (claim that jury instruction omitted necessary element of charged offense is subject to harmlessness review). Even assuming the victims' movement from the jewelry counter to the safe could not properly be considered, the subsequent movement away from the safe and outside was "not merely incidental" to the underlying robbery crime. *Rayford*, 36 Cal.Rptr.2d 317, 884 P.2d at 1374. It was neither necessary to the robbery nor too short a distance as a matter of law. *See id.* at 1382 (movement of 105 feet held sufficient).

The movement outside substantially increased the risk of harm to Dorsey's two victims. *See id.* at 1374 (requiring movement that "substantially increase[d] the risk of harm"). Dorsey was armed and had already pointed his gun at one of the victims. *See People v. Lara*, 12 Cal.3d 903, 117 Cal.Rptr. 549, 528 P.2d 365, 369 (1974) (holding increased risk of harm requirement satisfied because victim was "forced to travel a substantial distance under the threat of imminent injury by a deadly weapon"). The movement took the victims away from co-workers and customers while exposing them to a dangerous encounter with the police. The movement from the enclosed safe room to the parking lot may also have encouraged the victims' dangerous attempts to escape and overpower Dorsey.

In light of the movement away from the safe and outside, any instructional error regarding the asportation requirement was harmless. The district court's judgment is **AFFIRMED.**